FILED

SEP 1 0 2012

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKSBURG DIVISION

KIM S. MILLER, Individually and as Personal
Representative of the Estate of NICOLE
FARIS MILLER,

        Plaintiff,

v.

WALTHER PRODUCTIONS, INC. d/b/a
ALL GOOD FESTIVAL; ALL GOOD
FESTIVAL, INC.; TIM WALTHER; JUNIPA
CONTENTO; MARVIN HUGGINS;
MARVIN'S MOUNTAINTOP, LLC; M & M
PARKING, INC. a/k/a M & M PARKING
SERVICES, INC. a/k/a M & M
EVENT SERVICES, LLC; EVENT
STAFFING, INC.; NATIONAL EVENT
SERVICES, INC.; AXIS SECURITY,
INC.; CLAY HARLIN LEWIN; JAMES
TOBIN; and JIM TOBIN PRODUCTIONS,

        Defendants,

and

EVENT STAFFING, INC.,

        Third-Party Plaintiff,

v.

FRANK LYNCH,

        Third-Party Defendant.

Civil Action No. 1:11-CV-00151-IMK

---

YEN TON,

        Plaintiff,

v.

WALTHER PRODUCTIONS, INC. d/b/a
ALL GOOD FESTIVAL; ALL GOOD
FESTIVAL, INC.; TIM WALTHER; JUNIPA
CONTENTO; MARVIN HUGGINS;
MARVIN'S MOUNTAINTOP, LLC; M & M

Civil Action No. 1:11-CV-00152-IMK

PARKING, INC. a/k/a M & M PARKING
SERVICES, INC. a/k/a M & M
EVENT SERVICES, LLC; EVENT
STAFFING, INC.; NATIONAL EVENT
SERVICES, INC.; AXIS SECURITY,
INC.; CLAY HARLIN LEWIN; JAMES
TOBIN; and JIM TOBIN PRODUCTIONS,
                    Defendants,

and

EVENT STAFFING, INC.,
                    Third-Party Plaintiff,
v.

FRANK LYNCH,
                    Third-Party Defendant.
_____

ELIZABETH ROSE DORAN,
                    Plaintiff,

v.

TIMOTHY WALTHER, JUNIPA                          Civil Action No. 1:11-CV-00160-IMK
CONTENTO, WALTHER PRODUCTIONS,
INC. d/b/a ALL GOOD PRESENTS,
MARVIN HUGGINS, MARVIN'S
MOUNTAINTOP, LLC,
EVENT STAFFING, INC.; NATIONAL
EVENT SERVICES, AXIS SECURITY, INC.,
M & M PARKING, INC. a/k/a M & M
EVENT SERVICES, LLC, CLAY LEWIN,
JAMES LEE TOBIN AND JIM TOBIN
PRODUCTIONS, INC.
                    Defendants,

and

EVENT STAFFING, INC.,
                    Third-Party Plaintiff,
v.

FRANK LYNCH,
                    Third-Party Defendant.

## ORDER GRANTING MOTION FOR APPROVAL OF COMPROMISE OF WRONGFUL DEATH CASE AND APPORTIONMENT AND DISTRIBUTION OF SETTLEMENT PROCEEDS BETWEEN PLAINTIFF AND DEFENDANT LEWIN

On July 19, 2012, Plaintiff Kim S. Miller, by counsel, filed his Motion for Approval of Compromise of Wrongful Death Case and Apportionment and Distribution of Settlement Proceeds ("Motion for Approval") [Document No. 378] under the provisions and authority of West Virginia Code §§ 55-7-6 and -7. The Motion for Approval requested that a good faith compromise agreement between Plaintiff Miller and Defendant Clay Harlin Lewin be approved by the Court. Thereafter, on August 22, 2012, Plaintiff Miller, by counsel, filed his Notice of Additional Settlement Documents [Document No. 420].

On September 4, 2012, the matter of Plaintiff Miller's settlement with Defendant Lewin was presented to the Court.[1] Those appearing at the hearing in this matter were Plaintiff Kim S. Miller, individually and as personal representative of the estate of Nicole Faris Miller, in person and by counsel, J. Michael Benninger and William P. Early; Defendant Lewin, by counsel, Daniel L. Fitch; Defendants Walther Productions, Inc. d/b/a/ All Good Festival, All Good Festival, Inc., Tim Walther, Junipa Contento, Marvin Huggins and Marvin's Mountaintop, LLC, by their counsel, Robert P. Martin; Defendant M&M Parking, Inc. a/k/a M&M Parking Services, Inc. a/k/a M&M Event Services, LLC, by its counsel, Melvin F. O'Brien; Defendant Event Staffing, Inc., by its counsel, Kristina D. Cecil; Defendant National Event Services, Inc., by its counsel, John L. MacCorkle; Defendant Axis Security, Inc., by its counsel, Keith C. Gamble; and Defendant James Tobin and Jim Tobin Productions, by their counsel, Peter G. Zurbuch.

Whereupon, Counsel for Plaintiff Miller provided the Court with a brief overview of the status of the case, its procedural posture and the proposed liability settlement with Defendant

---

[1] Other matters, including proposed settlements with other defendants and Defendant Lewin's Rule 12 Motion to Dismiss were also addressed, the content of, and ruling upon, which will be addressed in separate orders by this Court.

3

Lewin before the Court.  Plaintiff Miller was then called to testify, was sworn and presented

testimony on matters relevant to the Motion to Approve.  In particular, Plaintiff Miller testified

in support of the Motion to Approve, regarding the terms of the settlement with Defendant

Lewin, the agreed division of the gross settlement proceeds from Defendant Lewin's liability

insurance, the proposed distribution of the net settlement proceeds to the potential statutory

distributees and the relationship among the members of Nicole Faris Miller's family who

comprise such statutory distributees.

Plaintiff Miller further testified as to the Agreement and Consent and Waiver forms

executed by each of the known potential statutory distributees tendered to the Court for review

and consideration, and the same were offered as exhibits.

Plaintiff Miller further testified as to his receipt and review of the General Release of All

Claims prepared by counsel for Defendant Lewin and offered the same as an exhibit.

Plaintiff further testified as to this receipt and review of, and agreement with, the

proposed Settlement Summary showing the proposed distribution of the entire amount of

settlement proceeds from several defendants, including the distribution of the settlement

proceeds proposed to be received from Defendant Lewin set forth on the Settlement Summary

for Settlement with Clay Lewin.

Plaintiff further presented correspondence dated August 20, 2012, to Michelle Ann Faris

Miller, mother of Nicole Faris Miller, deceased, advising her of potential liability settlements at

issue, including the liability settlement with Defendant Lewin, including the proposed

distribution of settlement amounts, the date, time and place of the September 4, 2012 hearing,

and her right to be present and participate should she desire to do so.  Michelle Ann Faris Miller

was also informed of Plaintiff's counsel's intention to submit her Agreement, Consent and

Waiver form executed on May 29, 2012, which was offered as an exhibit and made a part of the record herein.

Plaintiff Miller further testified that he was in agreement with the liability settlement with Defendant Lewin and the proposed distribution of the net settlement proceeds set forth in the Settlement Summary for Settlement with Clay Lewin and requested the Court to approve the same.

All counsel were provided the opportunity to fully examine Plaintiff Miller and to review the exhibits offered to the Court.  No other witnesses were called to testify.

Counsel for Plaintiff Miller moved the Court that all exhibits offered during Plaintiff Miller's testimony be admitted and made a part of the record.  Counsel for Plaintiff Miller further moved that, due to the fact that personal identifying and financial information is contained in the documents admitted in the proceeding, this Order, the transcript of the September 4, 2012 proceedings and the exhibits presented be sealed until further Order of the Court.

Thereupon, the Court, having considered the testimony and exhibits presented and the record in its entirety, made the following findings of fact:

1.      The facts alleged in the Motion to Approve with regard to the proposed settlement with Defendant Lewin, are accurate, true and supported by the evidence and testimony.

2.      The gross portion of the liability policy limits settlement with Defendant Lewin and Virginia Farm Bureau Mutual Insurance Carrier payable to Will Early, as attorney for Kim Miller, Personal Representative of the Estate of Nicole Miller, is Three Hundred Thousand Dollars ($300,000.00).

3.     That the gross settlement proceeds of $300,000.00 on behalf of Defendant Lewin is fair and reasonable and should be approved.

4.     Each of the parties in this civil action and each of the known potential statutory distributees as defined by West Virginia Code §§ 55-7-6(b) has been given actual notice of the settlement with Defendant Lewin under consideration of the Court, the date and time of the hearing held, and the right to be present if he or she so desired.

5.     Nicole Faris Miller was unmarried and without children at the time of her death.

6.     There are no known persons who were financially dependent upon Nicole Faris Miller at the time of her death, as contemplated by West Virginia Code § 55-7-6(b).

7.     Counsel for Plaintiff Miller have provided valuable legal services and incurred substantial expense in the prosecution of this case, and the attorneys' fees and expenses are fair and reasonable and should be paid from the settlement proceeds as presented to the Court in the proposed Settlement Summary for Settlement with Clay Lewin.

8.     The only outstanding medical, hospital, EMS and/or funeral and burial expenses are:

| | | |
|---|---|---|
| a. | Stuhr's Funeral Home: | $10,823.15 |
| b. | Valley Ambulance Service: | $867.00 |
| | Total: | $11,690.15 |

9.     There are no known subrogation or reimbursement claims being presented against the Estate of Nicole Faris Miller.

10.    There are no additional known estate claims or outstanding expenses and costs incurred or arising from the death of Nicole Faris Miller.

6

11.     By correspondence dated August 20, 2012, to Michelle Ann Faris Miller, mother of Nicole Faris Miller, deceased, written notice was given of the proposed liability settlement with Defendant Lewin, the proposed distribution of the same, the date and time of the hearing held herein, and the right to be present and heard on the matter.  The green return receipt evidencing delivery of the certified mail–correspondence was submitted as an exhibit.

12.     The attorneys' fees in the amount of One Hundred Thousand Dollars ($100,000.00), of which Seventy-Five Thousand Dollars ($75,000.00) will be paid to Pierce, Herns, Sloan & Wilson, LLC and Twenty-Five Thousand Dollars ($25,000.00) will be paid to Benninger Law Firm, from the settlement with Defendant Lewin is fair and reasonable and should be paid from the gross settlement proceeds of the Lewin settlement.

13.     The case expenses incurred by counsel in investigation, preparation and prosecution of this matter to date in the amount of Eighty-Two Thousand Three Hundred Twelve Dollars and Fifty-Three Cents ($82,312.53) are fair and reasonable and should be approved and paid from the gross settlement proceeds of the Lewin Settlement.

14.     Having considered the entire record in this case, the testimony and exhibits presented during the hearing held herein, and the factors under West Virginia Code § 55-7-6(b), the distribution of Seventy-Five Percent (75%) to Kim S. Miller, father of Nicole Faris Miller, or Seventy-Nine Thousand Four Hundred Ninety-Seven Dollars and Ninety-Nine Cents ($79,497.99); and Twenty-Five Percent (25%) to Kristopher S. Miller, brother of Nicole Faris Miller, or Twenty-Six Thousand Four Hundred Ninety-Nine Dollars and Thirty-Three Cents ($26,499.33), is fair, just and reasonable and should be approved.

Upon these findings of fact, it is therefore ORDERED and ADJUDGED:

1.      That the compromise settlement with Defendant Lewin as presented by Plaintiff Miller is hereby approved;

2.      That payment of Three Hundred Thousand Dollars ($300,000.00) gross settlement proceeeds shall be made by Virginia Farm Bureau Mutual Insurance Company on behalf of Clay Harlin Lewin payable to Will Early, as attorney for Kim Miller, Personal Representative of the Estate of Nicole Miller;

3.      That the distribution of the net settlement proceeds shall be made to Kim S. Miller in the amount of Seventy-Nine Thousand Four Hundred Ninety-Seven Dollars and Ninety-Nine Cents ($79,497.99); and to Kristopher S. Miller in the amount of Twenty-Six Thousand Four Hundred Ninety-Nine Dollars and Thirty-Three Cents ($26,499.33);

4.      That Ten Thousand Eight Hundred Twenty-Three Dollars and Fifteen Cents ($10,823.15) shall be paid to Stuhrs Funeral Home;

5.      That Eight Hundred Sixty Seven Dollars ($867.00) shall be paid to Valley Ambulance;

6.      That the payment of legal fees earned and expenses incurred by counsel representing Plaintiff Miller in the amounts of One Hundred Thousand Dollars ($100,000.00) and Eighty-Two Thousand Three Hundred Twelve Dollars and Fifty-Three Cents ($82,312.53), respectively, is approved;

7.      That there are no known potential statutory distributees who are minors, incompetent persons, incarcerated persons or persons under any legal disability;

8.      That Defendant Lewin shall pay one-third the costs of the September 4, 2012 proceeding, including the cost for the court reporter and the transcription of the record of such proceeding;

9.      That Plaintiff Miller is authorized and directed to execute the General Release of All Claims reviewed by the Court in order to conclude the compromise settlement with Defendant Lewin;

10.     That the compromise settlement between Plaintiff Miller and Defendant Lewin in this matter is a good faith settlement as defined under applicable West Virginia law; and

11.     That personal identifying information, including social security and taxpayer identification numbers, dates of birth, and financial account numbers shall be redacted in the Court's records.

The Court directs the Clerk to transmit copies of this Order to Counsel of record.

It is so **ORDERED.**

Dated: September 10, 2012.

IRENE M. KEELEY
UNITED STATES DISTRICT COURT

12014626